## Mullins v. Commonwealth.

(Decided December 5, 1922.)

### Appeal from Rockcastle Circuit Court.

1. Intoxicating Liquors—Transportation—Sufficiency of Evidence. —Evidence in a prosecution for illegal transportation of intoxicating liquor examined and held insufficient to support a conviction.

2. Trial—Intoxicating Liquors—Illegal Transportation—Instruction. —Though one may violate the statute by transporting intoxicating liquor through an authorized agent, an instruction authorizing the jury to find the accused guilty, if they believe from the evidence that another, in company with the accused, transported intoxicating liquor which belonged jointly to both of them, was erroneous, as the transportation by the other may have been against his will and consent.

L. W. BETHURUM and S. D. LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, who was jointly indicted with Les Mullins and found guilty of transporting intoxicating liquor, asks a reversal of the judgment on the ground that the evidence was insufficient to sustain the conviction, and the court erred in its instructions to the jury.

The evidence is as follows: W. F. Gillis, marshal of the town of Livingstone, and John Kelly, the constable, testified that they had information that moonshine whiskey was being brought into Livingstone. On going north up the railroad track they saw appellant, Cas Mullins, and Les Mullins, who started in an easterly direction toward the banks of Roundstone creek. They called to the two Mullins, who were about one hundred yards away, but could not say whether the Mullins heard them or not, but they could have heard them. The Mullins did not stop but went on very fast. The officers began to fire their revolvers in the air. The two Mullins then ran over a bank out of their sight and in the direction of a crosstie pile, which was also out of their sight. After the Mullins had gone the officers went to the crosstie pile, which was about thirty feet from where they first saw appellant, and found thereunder one quart of moonshine whiskey.

There were fresh men's tracks leading from where they first saw appellant to the place where the bottle was hid in the pile. They did not know whose whiskey it was, never saw either of the Mullins with any whiskey and did not see either of them place the whiskey under the crosstie pile, because at the moment appellant ran over the bank toward the crosstie pile, both he and the crosstie pile were out of sight. Will Cotton, who was also present testified that he had seen Cas Mullins and Les Mullins a short time before the shooting, and Cas had told him there would be some whiskey there soon. He then went home, and as he came back to see about getting the whiskey he heard the shots. On the other hand, appellant testified that he was a farmer by occupation, and that he was in Livingstone on the day referred to by the officers. He had gone there on business, and had made some purchases; neither he nor Les Mullins placed the quart of whiskey in the crosstie pile or had any whiskey with them. He did not know how the whiskey came to be in the crosstie pile. It was late in the evening, and on hearing several shots fired and the bullets flying around them, they ran to get out of the range of the firing. He did not know the marshal or constable, or that either of them was near. On the occasion in question he had no whiskey on his person, was not transporting any, and had not bought or sold any at that time or at any time.

The rule that a conviction in a criminal case may be had upon circumstantial evidence alone is subject to the qualification that if the evidence be as consistent with defendant's innocence as with his guilt, it is insufficient to support the conviction. Daniels v. Commonwealth, 194 Ky. 513, 240 S.W. 67; Hill v. Commonwealth, 191 Ky. 477, 230 S. W. 910; Denton v. Commonwealth, 188 Ky. 30, 221 S. W. 202. In brief, the evidence for the Commonwealth is as follows: When the officers called to appellant and his companion, they walked away. The officers then went to the crosstie pile and found one quart of moonshine whiskey and fresh tracks leading to where the bottle was. Appellant told Will Cotton there would be some liquor there. If it had been shown that the Mullins stopped at the crosstie pile as they walked away, then the jury might have been justified in concluding that one of them had liquor on his person and stopped at the crosstie pile for the purpose of concealing it from the officers; but, as the officers say that both

the crosstie pile and the Mullins were out of their sight when they ran over the hill, and that they saw no liquor on the person of either, for aught that appears in the evidence, the liquor may have been carried by somebody else to the place where it was found, and the Mullins may have been going to that place for the purpose of obtaining liquor. That being true, the circumstances relied on merely create a suspicion that one or the other of the Mullins may have been transporting liquor, and are not sufficient to support the conviction of appellant. Handshoe v. Commonwealth, 195 Ky. 762, 243 S. W. 1024.

The court gave the following instruction:

"If you believe from the evidence in this case beyond a reasonable doubt, that the defendant, Cas Mullins, in Rockcastle county, and within twelve months before the finding of the indictment, unlawfully transported from one place to another in Rockcastle county at the time referred to in the evidence, spirituous, vinous or malt liquors, or that the defendant, Les Mullins, in company with Cas Mullins, and at the time referred to in the indictment, transported from one place to another in Rockcastle county spirituous, vinous or malt liquors, which belonged jointly to defendant and Les Mullins, you will find the defendant, Cas Mullins, guilty, and fix his punishment at any fine in your discretion, not less than $50.00 nor more than $300.00, and for confinement in the county jail for a period of not less than thirty days nor more than sixty days in your discretion."

Not only was there no evidence on which to base the instruction, but the instruction was erroneous in that it authorized the jury to find appellant guilty if Les Mullins, in appellant's company, transported liquor which jointly belonged to appellant and Les Mullins. Though one may violate the statute by transporting intoxicating liquor through an authorized agent, he is not necessarily guilty because he and another own the liquor and the other transports it in his company, as the transportation by the other may be against his will and consent.

Judgment reversed and cause remanded for new trial consistent with this opinion.