## Jones v. Commonwealth.

(Decided November 5, 1926.)

(As Modified January 28, 1927.)

## Appeal from Clay Circuit Court.

1. Criminal Law—Conviction is Not Supported by Circumstantial Evidence as Consistent with Innocence as with Guilt.—Circumstantial evidence is insufficient to support conviction, if it is as consistent with defendant's innocence as with his guilt.

2. Intoxicating Liquors—Circumstantial Evidence Held Insufficient to Support Conviction of Unlawful Manufacture of Liquor.—Circumstantial evidence on prosecution for unlawfully manufacturing intoxicating liquor held not to support conviction, being equally consistent with defendant's innocense as with his guilt.

ROY W. HOUSE for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Clay circuit court approving the verdict of a jury whereby the appellant, James Isom Jones, on his separate trial under an indictment jointly charging him and one Bob Turner, his brother-in-law, with the offense, was found guilty of unlawfully manufacturing intoxicating liquor and his punishment fixed at a fine of $400.00 and imprisonment of 90 days in jail. The record, however, fails to disclose what disposition, if any, was made of the indictment as to Turner.

The grounds filed by the appellant in support of his motion for a new trial, overruled by the trial court, are urged on the appeal for the reversal of the judgment of conviction, viz: (1) That the trial court erred in refusing to grant his request, made at the conclusion of all the evidence, for an instruction peremptorily directing the return by the jury of a verdict of not guilty. (2) That the court also erred in excluding, on the objection of the Commonwealth, the testimony of the witness, Gabe Desarns, offered in behalf of the appellant. (3) That the verdict is unsupported by and flagrantly against the evidence. Inasmuch as we think the appellant is correct in his first contention, it will be unnecessary to consider the other two. The only evidence introduced in behalf of the Com-

monwealth on the appellant's trial, was mainly furnished by the testimony of the witnesses, James Smith and Charley White, both of whom were then and also at the time of the occurrence of the events to which they testified, officially acting as deputies of the sheriff of Clay county by his appointment, and according to their testimony, they in company with Lyle White, who was also a deputy sheriff, on Sunday morning, August 23, 1925, discovered in "Coal Hollow" on Harts branch, in Clay county, within less than a quarter of a mile of the appellant's home, and nearer that of Bob Turner, a still surrounded by trees and bushes, which was equipped with a boiler and furnace; also some beer and two barrels of mash made of shorts "ship feed" and sugar.

It was further testified by the two officers that the still appeared to have been recently operated in the manufacture of whiskey and was prepared for further operation. A path led from the still to a spring not far away and up the branch. Water for use in operating this still had been regularly obtained from this spring. This path also led from the still and in the opposite direction to that of the spring about 200 yards down the branch debouching into the public road on which appellant's home abutted and about 200 yards from it.

It likewise appears from their testimony that they and Lyle White, following their discovery of the still in the morning, concealed themselves near it until 2 o'clock p. m., at which time they saw the appellant with a shot gun in his hands walking up this path from the public road towards the still. When he got within 35 steps or so of the still, he left the path and went up the side of the hill and approximately at right angles to the path, in doing which he was constantly peering among the trees and bushes, but whether for squirrels which he claimed he was hunting or for possible spies is not positively established by the evidence. About half way up the hill and near to one of the Commonwealth's witnesses, he stopped. He was seen then to look in the direction of the still which was in plain view of one standing where he was and looking in the direction he was looking. After standing there a bit, appellant turned around and started to go on, when he was stopped by the Commonwealth's witness who was joined immediately thereafter by the latter's two companions. The two officers, in addition, testified

that the appellant shortly before his arrest at the still purchased a hundred pounds of sugar and a number of sacks of feed stuff, the same being such ingredients as were used in the manufacture of whiskey and as were contained in the mash discovered by them at the still. The still was not shown to be located on appellant's land and it was located nearer to the home of Bob Turner than to that of the appellant.

The evidence in behalf of the appellant was presented through his own testimony and a number of other witnesses, none of whom claimed to have any knowledge of the still in question. The appellant himself in testifying positively denied any knowledge of the still, or that he was in any way interested or had been, in its operation. Also that at the time of his meeting with the officers at the still he was out hunting squirrels, but admitted that he had not gone hunting on Sunday before. He also testified that his stock of ammunition on the hunt was five cartridges of number three shot and admitted that the shot were of much larger size than were customarily used in hunting squirrel. The testimony of the other witnesses in his behalf was substantially confined to the question of his reputation, but a majority of them admitted that they had never heard it discussed and stated that they had never known him charged with the manufacture of, or traffic in, intoxicating liquors until such charge was made in this case. The appellant admitted his purchase, a few days before the discovery of the still, of the sugar and feed stuff, but claimed that the sugar was obtained for the canning of fruit and the feed stuff for his two cows. He also admitted that at the time of the purchase of the articles referred to the season for canning berries had about ended, but claimed that he still had grapes for the canning of which the sugar was in part used, and also some sweet pickles to put up and for which some of the sugar was used. He claimed, too, that he loaned to one Stamps fifty pounds of the sugar which the latter shortly thereafter returned in two lots of 25 pounds each, the two lots being returned at different times, and this statement was corroborated by Stamps. Under these facts, we are of opinion that the Commonwealth failed to make out its case against the appellant. While it is true that a conviction in a criminal case may be had on circumstantial evidence alone, we have also

said that if the evidence relied upon for conviction be as consistent with the accused's innocence as with his guilt, it is insufficient to support the conviction. Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285. Here we have a still found a quarter of a mile or better from appellant's home and not on his land. The path that leads to it comes from a public road, leaving the latter some 200 yards away from appellant's home. The appellant, who had enjoyed a good reputation up to this time, is seen walking along this path. He has a shot gun with him and claims to be hunting squirrels. While the size of the shot is not that customarily used in hunting squirrels, yet there was some evidence to show that people sometime hunt squirrels with such sized shot. He leaves the path some 35 steps before reaching the still and goes in a direction that does not lead to the still. It is true he is seen peering around in the bushes but this is as consistent with squirrel hunting as with spy hunting. He stops and looks toward the still—perhaps he sees it. And then, he turns around and goes on up the hill when he is stopped and arrested. His explanation of his possession of the sugar and feed stuff is not improbable. And the lending of half of his sugar to a friend tends to disprove his use of it for other than domestic purposes. In short, there is not a bit of proof here that is not as consistent with the defendant's innocence as it is with his guilt, and under the rule in the Mullins case, *supra,* his conviction procured alone on such testimony cannot stand. It results, therefore, that the lower court erred in not sustaining appellant's motion for a peremptory instruction made at the close of the whole case. Its judgment is, therefore, reversed with instructions to grant the appellant a new trial in conformity with this opinion.