## Johnson v. Commonwealth.

(Decided January 21, 1927.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Circumstantial Evidence which is Equally Consistent with Innocence and Guilt will Not Support Conviction.— Though conviction may be based on circumstantial evidence alone, if such evidence is as consistent with defendant's innocence as with his guilt, conviction thereunder cannot be supported.

2. Intoxicating Liquors—In Prosecution for Possessing Whisky, Evidence, where Circumstantial, Held Insufficient to Support Verdict.—In prosecution for possessing whisky, evidence held insufficient to sustain verdict where based on circumstance that defendant was seen coming out of third person's building in which liquor was found.

JOHN F. COLDIRON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant, John Johnson, was convicted of the offense of unlawful possession of whiskey. He appeals. We are of opinion that his motion for a peremptory instruction should have been sustained. The facts are these: On July 11, 1923, a federal prohibition agent, armed with a federal search warrant and accompanied by the local county officers, went to search the Jerry Gallagher building, in Catlettsburg, Ky. This building fronts on one of the principal streets of that city. One side of it

abuts an alley which runs at right angles to the street on which the building fronts. Not only is there a front door to the building, but there is also a side door opening into the alley. The searching officers first attempted to enter the building through this side door, but, as they say, finding it locked, they then went around to the front door which they discovered to be padlocked from the outside. Just about the time they made this discovery, they heard a door slam in the alley, and, going back into the alley, they discovered the appellant walking towards the street. They immediately placed him under arrest and entered the building through the side door then unlocked, and which appellant says had not been locked though it was hard to open, and there discovered a colored man by the name of Harold Bratram and, on the floor, a quantity of moonshine whiskey in receptacles.

The appellant admitted that he had come out of this building, but said that just before the officers arrived, he was walking down the alley when he met John Spangler, who had charge of this building, standing in this side door; that he stopped and chatted with him a few minutes and then obtained permission to get a drink of water inside, it being a hot July day; that as he entered, Spangler went out the alley into the street. He said that he got him a drink and then went out of the building, meeting the officers as above detailed. He denied having anything to do with the custody of the building or having anything to do with the moonshine liquor there found. It was shown that this building was leased to a third party with whom the appellant had no connection whatever. Appellant's reputation as an illicit dealer in moonshine whiskey was established. Both he and the colored man were jointly indicted and were tried together, the latter in his absence, and both found guilty, as first mentioned herein. In the case of Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285, we said:

> "The rule that a conviction in a criminal case may be had upon circumstantial evidence alone is subject to the qualification that if the evidence be as consistent with the defendant's innocence as with his guilt, it is insufficient to support the conviction."

When analyzed, the testimony for the Commonwealth establishes only that the appellant left a building not in his possession, nor under his control, in which a

colored man and moonshine liquor were found. These facts are just as consistent with the appellant's innocence as they are with his guilt, and, under the rule of the Mullins case, a conviction on such evidence alone cannot stand. Judgment reversed, with directions to grant appellant a new trial in conformity with this opinion.