## Pardue v. Commonwealth.

(Decided December 21, 1928.)

A. J. OLIVER for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was tried for and convicted of the offense of grand larceny and sentenced to one year in the penitentiary. From the judgment he appeals.

The sole ground relied upon by appellant for reversal is that he was entitled to a peremptory instruction. A consideration of this ground necessitates a short resume of the evidence. The proof for the commonwealth established that in 1926 Hubert Starks was running a little restaurant in Scottsville, Ky. One morning the appellant came into this restaurant, and while he was there another customer of Starks paid for the meal which he had eaten. In making change for this customer, Starks took his pocketbook out of his pocket and left it lying on the top of a box near the cooking stove. Starks then turned his back on the pocketbook in order to fry some fish, and while he was thus engaged some one stole the pocketbook, which, at that time, contained $151. At the time the pocketbook disappeared, there were four to six persons in the restaurant, including the appellant. About ten minutes after the appellant had left the restaurant, Starks missed his pocketbook. He does not know who got it, but to the best of his recollection the appellant was one of those in the restaurant nearest to the place where the pocketbook was last seen. Other witnesses testified to seeing the appellant in the restaurant, but the closest any witness puts the appellant to where the pocketbook was lying was 12 feet, and all agree that there were from four to six people in the restaurant while appellant was there. McKinley Soles testified that he delivered some groceries to Starks on the morning the pocketbook disappeared, and that after he had carried the groceries into the restaurant and had returned to his truck on the outside, the appellant, in company with a young man named Rich, came out and got in the truck with him and rode to a store owned by a man by the name of Wilson.

When they arrived at this place, appellant and his friend got out of the truck and went to a toilet back of the store, and that was the last the witness saw of them. The deputy sheriff, who arrested the appellant within a very short while after the disappearance of the pocketbook, testified that he made the arrest about one-half block away from Starks' restaurant, and at that time appellant, in company with a man by the name of Tom Emery, was going towards the restaurant; that when he searched the appellant he found on him the sum of 75 cents. This is all the proof the commonwealth had. The appellant's proof did not contradict that of the commonwealth, but in addition established that after appellant and Wilson came out of the toilet back of Wilson's store, they met appellant's brother-in-law on Main street, and the three of them went to Abscher's pool room, where appellant borrowed 50 cents from a friend. Thereupon he invited Emery to go back with him to Starks' restaurant to get something to eat, and that while he and Emery were on their way to the restaurant he was arrested. He denied having stolen Starks' money or pocketbook.

While it is true that one may be convicted on circumstantial evidence, such evidence must do more than point the finger of suspicion at the accused. In the cases of Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285; Jones v. Commonwealth, 217 Ky. 427, 289 S. W. 676; Mitchell v. Commonwealth, 217 Ky. 155, 289 S. W. 208; and a host of others, we held that, if the evidence relied upon for a conviction be as consistent with the accused's innocence as with his guilt, it is insufficient to support the conviction. The only reason to fasten the theft of this pocketbook on appellant, rather than on any one of the other four or five customers in the restaurant, is that appellant was perhaps seen a little closer to where the pocketbook was lying than any one else. But even at that, he was not seen any closer than 12 feet from the box on which the pocketbook rested. The evidence relied upon to convict appellant is as consistent with his innocence as with his guilt, and under the authorities above quoted, it was the duty of the trial court to peremptorily instruct the jury to find the appellant not guilty.

For its failure to do so, the judgment must be reversed, with instructions to grant the appellant a new trial consistent with this opinion.