## McKee v. Commonwealth.

(Decided April 26, 1929.)

C. M. EIRWIN and B. F. THOMPSON for appellant.

J. W. CAMMACK, Attorney General. and DOUGLAS C. VEST for appellee.

Opinion of the Court by Commissioner Tinsley— Affirming.

The appellant, Horace McKee, was convicted in the Carter circuit court of the crime of store breaking, and his punishment fixed at three years' confinement in the penitentiary. Complaining of the judgment against him, he has appealed, assigning as the sole ground for reversal that the verdict is against both the law and evidence. On five different occasions prior to the 1st of May, 1927, and within the period of about five weeks next before that time, the storehouse of the Olive Hill Drug Company was broken into and goods and money taken therefrom. Dr. Rose, one of the three proprietors of the drug company, had some months before that time lost a bunch of keys, one of which was a key to the front door of the storehouse. Shortly after the last entry, Dr. Rose was informed by one Walter Scott that appellant was in possession of his key. Dr. Rose procured a search warrant for the person and premises of appellant, and the officer in whose hands it was placed apprehended appellant, searched him without finding the key, but took appellant with him, went to his house and searched it and found a bunch of keys in a pocket of a pair of trousers hanging on the wall in appellant's house. One of the keys so found fitted in the front door of the Olive Hill Drug Company store. After the execution of this search warrant, Dr. Rose and Mr. Qualls, another one of the proprietors, had a conversation with appellant concerning which Dr. Rose testified: "Seemed like he wanted to talk about it; said he was going to confess it and tell it. He came before me and Mr. Qualls and he said—I am just a little guilty; said Walter Scott gave the keys to me; that he wanted to go with me and rob Dr. Rose's drug store. He said I didn't go with him, says I didn't go with Scott and I didn't rob your drug store; he says that Walter Scott tells me that you have got, had plenty of money in there. Walter had got the combination from Dee Foster. He said Dee Foster gave the combination to Walter and Walter gave it to me. I asked Horace if he knew it and he said yes, and quoted it to me."

Mr. Qualls testified that appellant said he was "a little guilty" and offered to pay back the money if not prosecuted.

In his own defense the appellant testified that he did not break into the drug store and knew nothing about the goods and money taken therefrom. He denied that at the time of his arrest he had admitted to Dr. Rose and Mr. Qualls that he was a ''a little guilty'' or that he knew the combination to the drug company's safe. He testified that he had found the keys in question in the tenant house to which he had shortly before that time moved and that he told Walter Scott, a witness for the commonwealth, that he had found a bunch of keys in the house and that if Scott heard of any person who had lost keys to advise such person that he (appellant) had found a bunch of keys; that he had kept the keys in his possession some three weeks but did not know to whom they belonged. He further testified that at the time of the last breaking in question he and three companions were on a fishing expedition; and he is substantiated in this by one of his companions and a taxicab driver who took them to the place of fishing and called for them; that he had left Olive Hill about 11 o'clock on Saturday night and did not return until after 6 o'clock Sunday morning. It was between the hours named that the entry of the store is alleged to have been made.

Walter Scott testified some time before the breaking in question that appellant had told him he had found a bunch of keys and did not know to whom they belonged, and that if Scott saw any person who had lost keys to tell such person that appellant had found a bunch of keys.

Appellant insists that since the evidence against him is circumstantial, and is as consistent with his innocence as with his guilt, it is insufficient to support convicton, and relies upon the case of Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285; Johnson v. Commonwealth, 217 Ky. 705, 290 S. W. 693.

If the finding in the possession of appellant of the keys in question, one of which was the key to the Olive Hill Drug Company's store, were the only evidence against appellant, considered in connection with his explanation as to how the keys came into his possession, and the testimony of Walter Scott that appellant had told him of finding the keys, we would not hesitate to sustain his contention under the rule in question. But he overlooks the testimony of Dr. Rose and Mr. Qualls as to their conversation with appellant, and he overlooks the testimony of the deputy sheriff who served the search

warrant, to the effect that he told appellant at the time that he was searching for Dr. Rose's keys, and it is not claimed by appellant that he at any time admitted to the officer that he had found a bunch of keys or had a bunch of keys. If appellant did not know to whom the keys in his possession belonged and did not know that one of them fitted the lock to the door of the Olive Hill Drug Company's store, his good faith or innocence of any knowledge as to whom the keys belonged would seem to demand his disclosure to the deputy sheriff that he had a bunch of keys, and to have surrendered them without the necessity of a search. It may be, as contended by counsel, that appellant is the victim of circumstances, but such a condition cannot be considered in this court; our jurisdiction in cases of this character is limited to the correction of errors of law prejudicial to the substantial rights of the accused.

The jury saw the witnesses, heard them testify, and reached the conclusion that appellant is guilty. There is no claim that the jury were influenced by passion or prejudice, and their finding upon the facts and circumstances cannot be set aside.

Wherefore the judgment is affirmed.