William ROGERS, James Simpson (alias Walter L. Holt) and Donald Moore, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

Wesley Bowen, Newport, for appellants.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, Frank Benton, III, Commonwealth's Atty., Newport, for appellee.

STEINFELD, Judge.

This is an appeal from a judgment declaring the appellants guilty of violating KRS 433.120, having possession of burglar tools in violation of that statute. We affirm.

About 3:20 p. m. on October 31, 1967, in Cold Spring, Kentucky, police officer Robinson stopped a 1955 Chrevolet because the driver, William Rogers, had violated a traffic law. Riding in the vehicle with Rogers were James Simpson (alias Walter L. Holt) and Donald Moore. Officer Robinson saw a portable television underneath the legs of one of the men who was sitting in the back seat. He also observed another portable television on the front floor, and on the seat of the car, an electric guitar, an amplifier and a small transistor radio. He directed Rogers to drive the car to the Campbell County Police headquarters in the city of Alexandria. About 4:00 p. m. while the car was unoccupied and was parked in the lot next to the county jail, Officer Marsh and several other police officers looked into the car and observed all, or substantially all, of the property which officer Robinson had seen. Officer Marsh also noticed some tools and gloves in the vehicle. The appellants left Alexandria in the car.

Approximately 4:25 p. m. on that day the police received a report that the home of Francis Enzweiller located on Rural Route 2, Alexandria, Campbell County, Kentucky, had been burglarized. Entry had been obtained by jimmying a basement door. The report stated that two televisions, an amplifier and guitar, a woman's watch, a man's watch and some coins had been taken.

Officer Marsh promptly went to the Enzweiller home to make an investigation. He attempted to obtain fingerprint evidence but all he could find were prints of members of the household and "smudges which showed evidence of a glove being worn by the intruders".

At about 5:00 p. m. police Officer Fredericks stopped the Chevrolet on the Fourth Street bridge between Newport and Covington, in Campbell County and there arrested Rogers, Simpson and Moore on a charge of breach of peace. Sergeant Neltner of the county police department heard a police radio call which described the theft.

He proceeded to the place where Officer Fredericks was holding the three men, arriving there shortly after 5:00 p. m. The appellants were standing on the sidewalk and the automobile was unoccupied. Sergeant Neltner observed through the windows of the car and lying on the rear seat "a large screwdriver and a couple of small screwdrivers, a tool that appeared to be a linoleum cutter, * * * three pairs of gloves, two dark pairs appeared to be leather or imitation leather and one pair of brown gloves and there were assorted wrenches * * *." He then placed Rogers, Simpson and Moore under arrest for possession of burglar tools and took the described items into custody. There were no televisions, guitar, amplifier or radio seen in the vehicle at that time.

Three days later Sergeant Neltner took one of the screwdrivers in question to the Enzweiller home to see if it matched the pry marks on the outside door and a door going into the kitchen and the frames thereto. He found that the flat end of the screwdriver fitted perfectly into those grooves. He conceded, however, that he could not be positive that the same tool was used to make the marks on the door and the frames.

An indictment was returned against Rogers, Simpson and Moore by the grand jury of Campbell County charging them with receiving stolen property and with possession of burglar tools in violation respectively of KRS 433.290 and KRS 433.-120. The trial jury found them not guilty on the charge of receiving stolen property but guilty of possession of burglar tools and fixed their punishment at two years in prison. From judgment entered pursuant to that verdict all three appeal.

They assign as alleged errors in the trial the following:

"1. The Court erred, to the prejudice of appellants' substantial rights, in admitting evidence for the Commonwealth to which appellants' objected and excepted at the time.

2. The verdict is so palpably against the weight of the evidence as to require a reversal of the judgment.

3. The Court erred in overruling the motion of the appellants for a directed verdict to peremptorily instruct the jury to find them 'not guilty', made at the conclusion of Commonwealth's evidence presented in the within cause."

They argue that their objection to the introduction of any of the evidence taken or seized from the automobile should have been sustained because this evidence was obtained through an unreasonable search and seizure. Asserting that the arrest and conviction of the appellants were predicated solely upon this evidence they contend that the seizure violated the following constitutional provisions:

"The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Section 10 of the Constitution of Kentucky.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Fourth Amendment of the United States Constitution.

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Fourteenth Amendment of the United States Constitution.

Appellants argue that the states are constitutionally required to adopt the rule that objects seized in violation of constitutional rights must be excluded from the evidence, citing Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). They contend that the tools and gloves[1] were "seized by state officers in an unreasonable search." Contending that officer Fredericks stopped them "on a public highway under no color of arrest", they cite the following from Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303 (1920):

"But no search of the person or personal baggage or personal belongings, or seizures of any articles found thereon or therein, can be made on suspicion or without a search warrant, unless and until the offender is first taken into custody under a warrant of arrest, or his arrest without a warrant is authorized by section 36 of the Criminal Code, providing that an officer may make an arrest without a warrant, ' * * * when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.' But, if a person is lawfully taken into custody, the right to search him and seize articles in his possession is allowed for the purpose before stated. It follows that under this section of the Code, when an offense is committed in his presence, as it is when the officer sees an article or implement that it is unlawful to have possession of, in the possession of any person, he may arrest without a warrant, and so in felony cases, when the officer has reasonable grounds for believing that the person arrested has committed a felony, he may,

[1]. In order to conform with the indictment, the trial court excluded from evidence all the objects seized from the automobile except one screwdriver.

without a warrant of arrest, place the person so offending in custody under the provisions of the Code, supra, and in such states of case he may take possession of the unlawful things found on or in the possession of the person arrested."

There was no pre-trial motion to suppress evidence.[2] On the trial Sergeant Neltner testified that he heard the police radio report the Enzweiller break-in and describe the suspects. He proceeded to a bridge where Officer Fredericks had arrested appellees on a charge of breach of peace. Neltner observed the screwdrivers, a linoleum cutter and gloves on the seat of the automobile, all clearly visible through the windows. He made no search, but immediately arrested all three men on the charge of possession of burglar tools, then he took the screwdrivers, cutter and gloves into his custody. Childers v. Com., Ky., 286 S.W.2d 369 (1955); Taylor et al. v. Com., Ky., 394 S.W.2d 895 (1965).

■■■■ Appellants contend that stopping the car and the arrest by Officer Fredericks were without justification. "If law enforcement officers have a bona fide reason for stopping a motor vehicle, the discovery of incriminating evidence in plain view may be shown in evidence against the accused." Taylor v. Com., supra. The record is silent as to events immediately preceding the arrest by Officer Fredericks and the disposition of the breach of peace charge. Fredericks did not testify, but the interrogation of Neltner was as follows:

"Q. Now did you yourself place these three defendants under arrest or were they already arrested when you arrived there?

A. Officer Fredericks had a charge of breach of peace."

No objection was made to these questions, no motion made to strike the answers and no proof or indication of any pretext by the officer, therefore, we must assume that

Officer Fredericks had probable cause to stop the vehicle and make the arrest. Justice v. Com., 220 Ky. 209, 294 S.W. 1046 (1927); Tuggle v. Com., 262 Ky. 440, 90 S.W.2d 698 (1936). Observing what was in view was not an illegal search. Harris v. U. S., 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968); Pennington v. Commonwealth, Ky., 429 S.W.2d 364 (1968).

In support of the argument that the verdict is palpably against the weight of the evidence and that the court erred in not directing a verdict in favor of the accused our attention is called to KRS 433.120(2) which provides:

"Any person who has possession of any tools, implements or other things used by burglars for housebreaking, forcing doors, windows, locks or buildings or other places where goods, wares, merchandise or money is kept, with the intention of using them burglariously shall be confined in the penitentiary for not less than two nor more than ten years."

The appellants rely upon People v. Taylor, 410 Ill. 469, 102 N.E.2d 529 (1951), and 13 Am.Jur.2d, Section 74, page 367. Taylor held that where tools are found in possession of the defendant which could be used as easily for an innocent purpose as for an illegal one the question of the intent must be the controlling factor in establishing the guilt or innocence of the accused. The appellants argue that there is no actual evidence of the intent or use of the tools in question. Because of the wording of the indictment the trial court excluded from evidence the tools and gloves, admitting only the large screwdriver which an officer had taken to the burglarized residence and fitted into the groove marks. Counsel for appellants admits that cases such as Pardue v. Commonwealth, 227 Ky. 205, 12 S.W.2d 288 (1928) and Neal v. Commonwealth, 245 Ky. 272, 53 S.W.2d 572 (1932), stand for the proposition that there may be a conviction solely upon circumstantial evidence. No witness saw the appellants in or

---

2. Pre-trial consideration of exclusion of evidence is desirable. Pennington v. Com., Ky., 429 S.W.2d 364 (1967).

near the Enzweiller home and a screwdriver is a tool commonly used for lawful purposes. He contends that there is no evidence to connect the screwdriver with the Enzweiller burglary and that the circumstances are insufficient to support a conviction.

We have related the sequence of evidence beginning with the observation of the television, the guitar and amplifier in the automobile occupied by the defendants up to and through the arrest at the bridge. These circumstances, together with the fact that the large screwdriver fit perfectly into grooves on the jimmied doors and frames at the home from which two televisions, a guitar and amplifier were taken through burglary were sufficient circumstantial evidence upon which a properly instructed jury could and did find the appellants guilty. Byrd v. Commonwealth, Ky., 283 S.W.2d 191 (1955).

The judgment is affirmed.

All concur.