## Fields v. Commonwealth.

(Decided March 25, 1924.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Presence at Transaction Alleged to Constitute Offense Not Essential to Conviction.—One may be guilty of a violation of the prohibition laws and subject to conviction and the penalty denounced by the statute, though he was not present at the transaction constituting the violation and it was carried out through an agent.

2. Intoxicating Liquors—Evidence Held to Support Finding of Illegal Sale Through Employee.—In a prosecution for violation of prohibition law, evidence held to warrant finding that liquor sold by employee belonged to defendant and was sold by the employee at his instance and under some arrangement between the two.

3. Criminal Law—One May Commit Crime by Agent.—One may commit a crime by an agent as well as by himself, providing that he directs or incites the violation of law.

4. Indictment and Information—Indictment Held Not Subject to Demurrer Because Accusatory Part Not in Conformity to Specifications.—An indictment was not subject to demurrer because the accusatory part did not conform in all respects to the specifications, in that the former charged the defendant with the offense of "unlawfully selling to another spirituous, vinous, malt or intoxicating liquors," whereas specifications stated that defendant did "willfully and unlawfully" sell moonshine whiskey, since no person who understands the English language could read or hear the indictment read without being fully advised of the nature of the charge therein.

5. Intoxicating Liquors—Motion for Directed Verdict Held Not Well Taken.—In a prosecution for unlawful sale of intoxicating liquor, defendant's motion for a directed verdict held not well taken.

6. Criminal Law—Duty to Submit Case to Jury where Any Evidence in Support of Charge.—Where there is any evidence for the Commonwealth tending to support the charge in the indictment, it is the duty of the court to submit the case to the jury.

CLEMENTS & CLEMENTS and SLACK, BIRKHEAD & SLACK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

We think it will be conceded by all concerned that one may be guilty of a violation of the prohibition laws and subjected to conviction and the penalty denounced by the statutes though he was not present at the transaction, and it was carried out through an agent. Appellant Fields operated a pool room, with a restaurant and soft drink stand at the rear. It was in an old saloon. In the restaurant was a counter and seats for patrons. The prosecuting witness testified that he entered the restaurant and bought and drank two quantities of moonshine whiskey for which he paid twenty-five (25c) cents per drink; that it was the place of business of appellant Fields and that a colored boy was behind the counter in the restaurant who served him with the whiskey. It appears that appellant was not in the restaurant or pool room at the time.

Appellant denied that the whiskey was sold in his place, and further stated that while he had the colored boy helping him at the restaurant he was not authorized to sell whiskey or other intoxicants and that appellant did not know the intoxicants were sold by the colored boy, if, indeed, they were so sold. Admittedly the colored boy was in the employ of appellant, attending his restaurant and helping about the place. The witness for the Commonwealth stated that the liquor was served by the colored boy to him over the restaurant counter and that he paid for it there. The police officers of the city were called as witnesses to and did prove that appellant Fields bore the reputation of a trafficker in intoxicating liquors. These facts were sufficient to induce and warrant the belief in the mind of the jury trying appellant that the liquor belonged to him and was sold by the colored boy at his instance and under some arrangement between the two.

If the colored boy in the restaurant was in the employ of and acting for appellant Fields at the time the liquor was sold by the colored boy to the witness, then the appellant is as guilty as if he had sold the liquor in person to the witness. Cartwright v. Commonwealth, 196 Ky. 6; Mattingly v. Commonwealth, 195 Ky. 838; C. J., pages 594 and 608.

One may commit a crime by an agent as well as by himself, provided he directs or incites the violation of the law. Not infrequently do men engaged in the liquor traffic employ a go-between to protect them from the pen-

alties of the law, and such subterfuges should be disregarded and the actualities manifested and seized upon to the end that the principal culprit may be made to suffer along with his agent, for both may be convicted of a single sale.

1. Appellant insists that the indictment under which he was convicted was subject to demurrer because the accusatory part does not conform in all respects to the specifications in that the former charges the defendant was guilty of the offense of "unlawfully selling to another spirituous, vinous, malt or intoxicating liquors," whereas the specifications in the indictment say that appellant "wilfully and unlawfully did sell to Homer Cassler for twenty-five (25c) cents one drink or some other quantity of moonshine whiskey, a spirituous, intoxicating liquor for other than sacramental, medicinal, scientific and mechanical purposes, etc." While there was a slight variance between the charging part of the indictment and the specifications, we apprehend that no person who understands the English language could read or hear read the indictment without being fully advised of the nature of the charge therein. Moreover, we have recently held in the case of Meredith v. Commonwealth, 199 Ky. 554, that a variance between the accusatory part and the specifications of the indictment does not necessarily render it bad. This ground must, therefore, be overruled.

2. Appellant next insists that he was entitled to a directed verdict in his favor at the conclusion of the testimony for the Commonwealth. The brief recitation of the evidence which we have given is sufficient to show that appellant's motion for a directed verdict was not well taken, for there was sufficient evidence not only to carry the case to the jury but to support a verdict of guilty. When there is any evidence for the Commonwealth tending to support the charge in the indictment, it is the duty of the court to submit the case to the jury.

3. Nor are we impressed with appellant's third contention that the trial court "erred in overruling his motion to set aside the verdict and judgment because the law and facts did not authorize a conviction and the evidence did not sustain the conviction," for the reasons just assigned.

Upon the whole we think appellant had a fair trial. Finding no error prejudicial to the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.