# Miracle v. Commonwealth.

(Decided March 19, 1929.)

J. G. ROLLINS for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Newt Miracle was indicted, tried, and condemned to life imprisonment in the penitentiary for the murder of Arthur Jones. He has prosecuted an appeal insisting that the trial court erred in refusing to grant a continuance, in the admission of incompetent testimony, in personally propounding questions to witnesses, in failing to instruct the jury properly, and in refusing to grant a new trial because the evidence was insufficient to sustain the verdict. In view of the conclusion we have reached respecting the sufficiency of the evidence to sustain the judgment of conviction, it is unnecessary to consider any of the other questions raised or arising upon the record.

The Attorney General and his assistant, with commendable candor, advise us in their brief that they "have given careful consideration to the case and are unable to say to the court that the evidence is sufficient to sustain the verdict." Our examination of the record brings us to the same conclusion. In the first place, the evidence was entirely circumstantial, and indicated that suicide was quite as likely as criminal violence to furnish the ex-

planation of the death of the victim. The deceased, on more than one occasion, had made expressions indicating that he contemplated suicide. He was shot in the forehead with his own pistol, which was found at his right side. He was shown to be right-handed. The powder burns proved that the pistol was fired at close range. The condition of the weapon and the filth that it carried indicated that it had dropped on the ground at the spot where Jones was sitting. Miracle and the deceased were friendly, and had been drinking together for several hours. No break in their relations of intimacy is shown to have occurred. The scene of the shooting was in plain sight of the road where people were passing frequently. No motive for murder is suggested. Jones was known to have $286 in his possession, and $285.58 of it was found on his dead body. The law permits proof of crime to be made by circumstantial evidence but the circumstances must be so cogent and incriminating as to exclude every reasonable hypothesis of the innocence of the accused. Moore v. Commonwealth, 223 Ky. 130, 3 S. W. (2d) 190.

The only proof offered to impair the presumption of innocence prevailing in criminal cases is the testimony of one witness that after the shooting Miracle passed him and did not mention the tragedy, and of another that he passed the place where Jones was shot four times, about 30 minutes apart, and saw Jones and Miracle there. The last time the witness passed was apparently after Jones was shot, as he saw Miracle leave the road and walk to the body, bend over it, and pick up something. The witness later went to the scene, and the pistol of Jones was leaning against a tree. The inference is that Miracle picked up the pistol and placed it against the tree. Mrs. Marsee testified that she heard the shot, and Miracle came to her home directly afterwards—within 10 or 15 minutes; that he remained there from a half to three-quarters of an hour and talked without much coherence. He made no explanation of why he came there, but did mention the name of Arthur Jones. 'This witness also stated that Miracle came there later and remarked that "we heard the gun while I was here on your porch," to which she responded that she did not remember it. Sallie Marsee also testified that she heard the shot and that Miracle came to their home within 10 or 15 minutes.

Miracle said from the beginning, and testified at the trial, that Jones was sick, and he left him sitting by a tree. Jones had been vomiting, and said he would remain

there until Miracle got some articles he desired at Marsee's and returned. Miracle then walked to Marsee's house, and saw Mrs. Marsee and her daughter, and while there with them he heard the shot. Supposing it was a signal for him to return, he went back and found Jones fatally shot in the forehead. He turned him over and started for a doctor. On the way for the doctor, it occurred to him that he should first inform Jones' sister and her husband, who lived near, and from the course toward the doctor's office he changed and proceeded to the home of the sister, and advised her husband. He returned with them to the scene and rendered such assistance as he could. The sister of Jones and her husband corroborated the defendant's testimony in many details.

We regard the testimony as inadequate to sustain the conviction. If every fact which the testimony tended to prove be admitted, and the explanation offered by defendant be disregarded, it would not compel the belief or support the conclusion that appellant was guilty of the crime of which he was accused. It is the province of the jury to weigh the evidence and reconcile conflicting testimony, but when the facts proven do not tend to incriminate, or to establish the connection of the accused with the offense charged, the evidence is not sufficient to sustain a conviction. Wilkerson v. Commonwealth, 76 S. W. 359, 25 Ky. Law Rep. 782; Sprouse v. Commonwealth, 132 Ky. 283, 116 S. W. 344; Daniel v. Commonwealth, 170 Ky. 698, 186 S. W. 489.

Since the amendment of 1910 to section 281 of the Criminal Code, this court is authorized to grant a new trial, when the verdict of the jury is palpably against the evidence and can be accounted for only on the ground of passion or prejudice on the part of the jury against the accused. Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820; Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Forgy v. Commonwealth, 219 Ky. 177, 292 S. W. 799; Partin v. Commonwealth, 197 Ky. 840, 248 S. W. 489.

As the evidence may be different on another trial, we refrain from a consideration of any other question, and reserve all matters not expressly decided.

Judgment reversed.