## Woodall v. Commonwealth.

(Decided October 1, 1929.)

B. B. SNYDER and L. O. SILER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

George Woodall and Coyett Earls were jointly indicted for the crime of housebreaking. Earls entered a plea of guilty, and was sentenced to serve two years in the penitentiary. Woodall was tried and convicted and his punishment fixed at two years' imprisonment. Upon this appeal it is insisted that the evidence is insufficient to sustain the verdict. The evidence is wholly circumstantial. A conviction on circumstantial evidence may be sustained, but the circumstances must be of such convincing character as to leave no doubt of the defendant's guilt. If the facts proven may be reasonably reconciled with the presumption of innocence, a conviction is unauthorized. But when the circumstances are of such nature as to exclude every reasonable hypothesis of the defendant's innocence, the legal requirement is satisfied. Moore v. Commonwealth, 223 Ky. 130, 3 S. W. (2d) 190; Mullins v. Commonwealth, 196 Ky. 687, 245 S. W. 285.

Matt Earls testified that he left his home about 9 o'clock in the morning, after locking all the doors. He returned about 2 o'clock the same day and found that his house had been broken into and a large amount of property stolen therefrom. He found tracks indicating that two men had been at his house. He followed the tracks to the home of Johnnie Wells, at which place Woodall was staying. Earls was not living there, but resorted to the house frequently. Matt Earls testified that one of the tracks was made by a shoe which had protruding brads indicating that the cap of the heel had been removed; but it is not shown that Woodall was wearing a shoe of that character. Woodall is not connected with the tracks found at the scene of the crime. Earls pursued the two men into McCreary county that same night, but they eluded him, and were found the next day at the home of Johnnie Wells, where they were both arrested. None of the stolen property was found on Woodall. A pocketknife and a gun were found at Wells' home, but a number of other people lived there. No witness says

that Woodall brought anything to the house. Mrs. Johnson Mills, a near neighbor of Earls, testified that she saw George Woodall and Coyett Earls on the day the house was broken into at about 12 o'clock in the day going in the dire tion of Earls' house. She could see the house from her residence, but did not see them go to the house or break into it. This was the only evidence introduced by the commonwealth. The defendant denied the charge and all knowledge of the crime, but admitted that he was with Coyett Earls and that they had gone to McCreary county together, but explained that their purpose was to get whisky with which they returned the next morning. He said Earls had the stolen gun, but claimed it belonged to his father. Coyett Earls testified that he committed the robbery himself, and exonerated Woodall. Both men appear to be idlers, but the proof is plainly insufficient to sustain the charge of housebreaking as against Woodall. The evidence fails to connect him with breaking into the house, or with the tracks, or with possession of any of the stolen property, or even with knowledge that the crime had been committed. The sole evidence against him was his intimate association with the confessed criminal near the time of the commission of the crime, which is suspicious, but insufficient to sustain a conviction. The evidence may be fairly reconciled with the presumption of innocence which the law raises in his behalf. Miracle v. Commonwealth, 228 Ky. 591, 15 S. W. (2d) 429. Under those circumstances, the judgment of conviction cannot stand.

The judgment is reversed for a new trial.