## Davidson et al. v. Commonwealth.

(Decided Jan. 16, 1934.)

CHARLES FERGUSON for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Vernon Davidson, Claude T. Watson, and Lewis Campbell appeal from a judgment convicting them of storehouse breaking, and fixing their punishment at two years' imprisonment.

The indictment described the storehouse as "the storehouse of Wright Brothers," and it is insisted that it is defective in that it failed to allege that Wright

Brothers was a corporation, or that it was a partnership, and give the names of the individual partners. The precise question was before the court in McClanahan v. Commonwealth, 197 Ky. 457, 247 S. W. 369, and we there held that a failure to make the allegations referred to was not fatal to the indictment.

Nor do we think there was fatal variance between the indictment and the proof. Section 128, Criminal Code of Practice, provides that:

"If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

In view of this provision, we have held that, in an indictment for housebreaking, it is not necessary to describe the owner of the house broken, or the property taken, with any more precision or certainty than is necessary to inform the accused of the nature of the accusation against him and bar a second conviction. Johnson v. Commonwealth, 87 Ky. 189, 7 S. W. 927, 10 Ky. Law Rep. 100. It is true that the proof shows that, although the storehouse was conducted in the name of Wright Brothers, the business was in fact owned by Mrs. Wright. In Blair v. Commonwealth, 221 Ky. 283, 298 S. W. 699, the indictment charged that the storehouse belonged to A. The proof showed that it belonged to B, but had been occupied by A as a tenant for a number of years. Notwithstanding the apparent variance, the judgment of conviction was upheld. Here the act itself was described with sufficient certainty. The name "Wright Brothers" identified the storehouse. Mrs. Wright was the owner of the business and conducted it in that name. In the circumstances it is not perceived how appellants were misled to their prejudice by the proof, and we are constrained to the view that there was no substantial variance between the indictment and the proof.

As appellants testified, evidence that their general moral characters were bad was admissible for purposes of impeachment. Jones v. Commonwealth, 250 Ky. 217, 62 S. W. (2d) 56; Shell v. Commonwealth, 245 Ky. 223,

53 S. W. (2d) 524. But the court should have admonished the jury that it was admissible only for that purpose, and not as substantive evidence.

It was also proper to permit witnesses to impeach Mrs. Watson by proof of a statement inconsistent with her evidence, but the court should have admonished the jury as to the effect of this evidence.

The most serious question is whether the evidence is sufficient to take the case to the jury. It appears that on the night of August 1, 1932, the storehouse, which is located at Hampton, Livingston county, was broken into, and three automobile casings, some socks, shirts, money from the post office, vanity cases, cigarettes, and other property were taken therefrom. On the floor inside the store, and on the ground outside the window, where the store was entered, were the imprints of tennis shoes of two different sizes. These tracks were followed to a gum tree near a church on the outskirts of the village, where it was discovered that two horses had been hitched under a tree. There the tennis shoe tracks disappeared, and from there on the horses were tracked to a place beyond where any of the appellants lived. Witnesses claimed that they were able to track the horses because of the way they were shod, and of the peculiar imprint their feet made on the ground. These horses were finally located; one at the home of the Campbell boy's father, and the other not far off at the home of another person who is not charged with the offense. In the Campbell field were found some wrappings from an automobile tire, which was recognized by the owner of the store as being similar to that on the tires which he handled. The home of the Watson boy was searched, and in a drawer were found several pairs of socks, only one of which was identified as of the same brand carried by the owner of the store. The father of the Campbell boy owned an automobile, and Lewis Campbell and Lois Watson, a brother of Claude T. Watson, were seen on Monday and Tuesday working on the car. At a point near Lola, which is some distance from Hampton, a young lady on the night of the robbery saw three boys on two horses, one of which either had a loose shoe, or set his foot down harder than the other, "and traveled something like the Campbell horse"; but she was unable to recognize either one of the horses or the boys who were riding them. There was further evidence that on the evening before the breaking the

Watson and Davidson boys were seen going toward Lola wearing tennis shoes, and that the tracks of the tennis shoes looked just like the tracks he saw in his own field.

While conviction for crime may be had on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. Mattingly v. Commonwealth, 195 Ky. 838, 243 S. W. 1044; Woodall v. Commonwealth, 230 Ky. 698, 20 S. W. (2d) 722. Another statement of the rule is that, though a conviction may be had on circumstantial evidence, the evidence must be such as to establish the guilt of the accused with reasonable certainty, and where the evidence as a whole creates only a suspicion of guilt, a verdict of acquittal should be directed. Meyers v. Commonwealth, 194 Ky. 523, 240 S. W. 71. The evidence is purely circumstantial. Neither the tire wrappings found in the Campbell field, nor the pair of socks found in the home of the Watson boy, were identified by Mrs. Wright as her property. All that we have is that the storehouse was broken into by persons wearing tennis shoes, and were tracked to the place where the horses were hitched; that because of the peculiar imprint of their feet the horses were traced to a point beyond where any of the appellants lived, and that one of them was afterward identified as the property of the Campbell boy's father and the other as the property of a neighbor; that two of appellants were seen wearing tennis shoes on the evening before the robbery; that three unidentified boys were seen on the horses at a place some distance from the robbery, and that one of the horses traveled something like the Campbell horse; that Lewis Campbell and Lois Watson, a brother of Claude T. Watson, were seen on Monday and Tuesday working on a car belonging to Lewis Campbell's father. This evidence applies with equal force to any other boy in the community who happened to wear tennis shoes. It does not establish appellants' guilt with reasonable certainty. It does not exclude every reasonable hypothesis of innocence. As a whole it creates only a suspicion of guilt and a verdict of acquittal should have been directed. Pardue v. Commonwealth, 227 Ky. 205, 12 S. W. (2d) 288; Rose v. Commonwealth, 249 Ky. 103, 60 S. W. (2d) 374.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.