## Johnson v. Commonwealth.

### April 25, 1950.

### E. D. Stephenson, Judge.

J. Ervin Sanders for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

Appellant, Marshall Johnson, has appealed from a judgment sentencing him to confinement for two years in the State Reformatory upon conviction of shooting into the dwelling house of Manuel Burke. He has assigned four grounds for reversal, only one of which it is necessary for us to consider. That is: The Court erred

in overruling his motion for a peremptory instruction at the close of the evidence for the Commonwealth. Appellant offered no testimony in his behalf.

On the 21st day of March, 1949, the chief witness for the Commonwealth, Garland Johnson, was burning grass on his property near appellant's barn. Appellant, with a shotgun in his hand, cautioned his neighbor not to let the fire spread to appellant's property as it might result in burning the barn. Garland Johnson then put out the fire and drove in his truck to the home of Manuel Burke, who lives about 250 yards away. About thirty minutes thereafter, Garland Johnson, Manuel Burke, his wife, Doshia Burke, and their son were sitting on the end of the porch of Burke's house. Burke saw a flash from a shotgun, and he and the other occupants of the porch heard the report of the gun and pellets strike the roof of Burke's residence. In a few minutes, a second shot followed but nothing struck the house. The flash and report of the gun came from the direction of the Johnsons' residence, and a distance of between 450 and 500 feet from the Burke residence. No one saw the person who fired the shot, but within two hours thereafter Garland Johnson procured a warrant for appellant, who was arrested in West Virginia a few miles from the scene of the occurrences we have related.

Where the evidence relied on is circumstantial, it must be such as to exclude every reasonable hypothesis of innocence, and where the evidence as a whole merely creates a suspicion of guilt, a verdict of acquittal should be directed. Davidson v. Commonwealth, 252 Ky. 354, 67 S. W. 2d 486, and cases therein cited. The evidence in this case is wholly circumstantial in respect to the person who fired the shots complained of. There was evidence of bad feeling on the part of appellant toward Garland Johnson. There was no evidence of ill feeling on the part of appellant toward Manuel Burke whose house was sprayed with the shot. Appellant had an opportunity to commit the crime, and it may be said that he had a motive for shooting Garland Johnson, although he failed to do so on a more opportune occasion thirty minutes before the shots complained of were fired. We are of the opinion that the evidence was sufficient to create a suspicion that appellant was guilty, but it certainly was not sufficient to exclude every hypothesis of inno-

cence, the presumption of which must be accorded defendant throughout the trial.

The Court should have directed the jury to return a verdict of not guilty.

The judgment is reversed.