## SPARKS v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 20, 1953.

Redwine & Redwine, M. C. Redwine, Winchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

Norvill Sparks is appealing from a judgment sentencing him to three years in prison on a charge of storehouse break-ing. He asks that the judgment be reversed on the ground that there was insufficient evidence to warrant the submission of his case to the jury. Admittedly, the case is a close one, but we have reached the conclusion that the question of Sparks' guilt was one for the jury.

George Taylor operates a small grocery in Fayette County about seven miles from Lexington in the direction of the Clark County line. On Sunday morning, December 9, 1951, he found that his store had been broken into and a quantity of goods taken therefrom. The goods consisted of cigarettes, chewing gum, canned goods and shotgun shells. The next day Taylor identified the stolen goods in the police station at Winchester. The goods had been found by the police in a barn belonging to Sam Shrout, about six miles from Winchester. Shrout said that Sparks and a boy by the name of Hobbs brought the stolen goods in a car to his barn about two o'clock Sunday morning, December 9th. He said that Hobbs told him he had some stuff in his car and wanted to leave it in the barn a day or two and that he would come back for it. Shrout said also that he was told that the goods had been purchased on Depot Street, in Winchester, and that Sparks made no statement about having been in Fayette County. Sparks did not testify.

As said in Clark v. Commonwealth, 288 Ky. 845, 157 S.W.2d 485, the possession of stolen property by the accused is sufficient to warrant the submission of a case to the jury in a charge of prosecution for storehouse breaking. The presumption of guilt in such a case must be rebutted by a satisfactory explanation of how the accused obtained possession of the goods. Wheeler v. Commonwealth, 295 Ky. 28, 173 S.W.2d 817. Sparks and Hobbs took the stolen goods to Shrout's barn. Hobbs may or may not have been the principal offender, but, as the record stands, the parties were together when they reached Shrout's place.

The recent cases of Aubrey v. Commonwealth, 302 Ky. 205, 194 S.W.2d 371, and Abrams v. Commonwealth, Ky., 243 S.W.2d 902, relied upon by Sparks, are distinguishable from the case before us. In the Au-

brey case the accused did not take the witness stand, but there was no evidence connecting him directly or indirectly with breaking into the store. Nor were any of the stolen goods found in his possession. In the Abrams case we said that the circumstantial evidence tending to show that Abrams had blown a safe in a filling station was insufficient to warrant the submission of the case to the jury.

Judgment affirmed.