Charles Sammy McQUEEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 27, 1969.

Rehearing Denied Oct. 24, 1969.

Boyd F. Taylor, Hamm, Taylor, Milby & Farmer, London, for appellant.

John B. Breckinridge, Atty. Gen., Commonwealth of Kentucky, Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Charles Sammy McQueen was convicted by a jury of the offense of storehouse breaking and his punishment fixed at five years in the penitentiary. At the same trial he was also convicted under the habitual criminal statute and his punishment fixed at life imprisonment. KRS 431.190. On this appeal from a judgment sentencing him to life imprisonment, McQueen's sole ground for reversal is that the evidence introduced by the Commonwealth on the storehouse-breaking charge was insufficient to permit

submission of the issue of his guilt to the jury. There is no issue concerning McQueen's two prior felony convictions. They were stipulated. The issue is confined to the sufficiency of the Commonwealth's evidence on the current charge of storehouse breaking.

The only evidence introduced at the trial was that of the Commonwealth. McQueen did not testify.

Sometime between Saturday, February 17, and Monday, February 19, 1968, a wholesale grocery business known as Porter and Parman in London, Kentucky, was burglarized and 473 cartons of cigarettes were stolen. The Department of Revenue assigns a numbered stamp to each wholesale seller of cigarettes. Porter and Parman had been assigned number 298. The cigarettes stolen were marked with tax stamp 298.

Irene Cornett, who testified that she had occasional dates with McQueen, said that he was at her home on Saturday night, February 17, 1968, and left about 10:00 p. m. McQueen told her that he had to go see a man on business and would return later that night. He did not return until the next morning, Sunday, February 18, at about 9:00 a. m. On this occasion, Irene. said, McQueen showed her a roll of money with a rubber band around it, three guitars and a mandolin.

Billy Gene Colston now enters the picture. He testified that he ran a grocery store at Lily, Kentucky. Colston said that before daylight on a Sunday morning in February, 1968—he could not recall the exact date—he was awakened by McQueen who sold him 143 cartons of cigarettes for a purchase price of one hundred dollars cash, three guitars and a mandolin.

Colston also testified that he placed the cigarettes which he had purchased from McQueen on sale in his grocery store. He said that State Police detective, Les Yaden, took the cigarettes from his store. On cross-examination Colston admitted that he had been indicted as a result of this incident

for knowingly receiving stolen property and had entered a plea of guilty to the charge.

Detective Yaden testified that while investigating the break-in at Porter and Parman Wholesale Grocery, he found 143 cartons of cigarettes bearing tax stamp 298 in the possession of Colston at his grocery store. Parman, one of the owners of the wholesale grocery company burglarized, identified the cigarettes recovered by Yaden as part of the loot taken as a result of the break-in.

McQueen argues that the uncontradicted evidence which we have recited is insufficient to permit submission to the jury of the issue of his guilt. He points out that there is no evidence placing him at or near the wholesale grocery burglarized; that no merchandise taken was found in his possession; and that no incriminating statement was ever attributed to him. He relies on Davidson v. Commonwealth, 252 Ky. 354, 67 S.W.2d 486 and Abrams v. Commonwealth, Ky., 243 S.W.2d 902.

In the Davidson case there was no evidence of possession by the accused or sale by the accused of an appreciable amount of the property stolen. The property recovered in Davidson was not even identified as that stolen in the break-in of the storehouse. In Abrams it was held that the circumstantial evidence tending to show that Abrams had blown a safe in a filling station was insufficient to warrant submission of the case to the jury.

In the case before us there is the direct evidence of Colston that McQueen sold to him 143 cartons of cigarettes belonging to the burglarized wholesale grocery company. The purchase price was unique— one hundred dollars in cash, three guitars and a mandolin. The uncontradicted direct evidence of Irene Cornett established that McQueen was in possession of this purchase price shortly after the burglary. This corroborated the evidence of Colston. The tax stamp identified the property as coming from the storehouse burglarized.

If the possession of stolen property by the accused is sufficient to warrant the submission of a case to the jury in a prosecution for storehouse breaking, as was held in Clark v. Commonwealth, 288 Ky. 845, 157 S.W.2d 485, and if evidence of possession by the accused is not limited to what is found in his possession at the time of arrest but may be established by direct testimony that he was in possession of the stolen property after the break-in as was held in Sparks v. Commonwealth, Ky., 256 S.W.2d 382, then surely the direct and circumstantial evidence in this case required at least an explanation by the accused. The trial court properly submitted the issue of McQueen's guilt to the jury.

The judgment is affirmed.

All concur.