**H. Ray JONES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1970.

R. B. Bertram, E. G. Bertram, Jr., Bertram & Bertram, Monticello, Harlan Judd, Burkesville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The defendant, H. Ray Jones, a law enforcement officer for thirteen years and a former sheriff of Wayne County, appeals from a judgment entered pursuant to a jury verdict that found him guilty of the crime of grand larceny. (KRS 433.220). The punishment fixed was a term of four years in the state penitentiary. The defendant contends that he was entitled to a directed verdict of not guilty because the prosecution's evidence was insufficient to make a submissible jury case. He also asserts that the portion of the verdict of the jury which determined the extent of punishment "is so excessive as to strike the mind at first blush as to have been given under the influence of passion and prejudice." His final contention is error in the instructions given to the jury by the trial judge, but this ground is actually completely dependent upon the validity of his previous contention concerning lack of a submissible case. Our review convinces us that we are unauthorized to disturb the result. Therefore, we affirm the judgment.

In early October, 1968, ten head of cattle were stolen from the farm of Noel Harvey, located in Adair County, Kentucky. About two weeks following the discovery of the theft, two of the cattle were located and

identified by the owner at the stockyard in Edmonton, Kentucky. Two more were found in the possession of a farmer in Pulaski County, Kentucky, and two more were found on Gholson Dean's farm in Wayne County, Kentucky. The remaining four stolen cattle were reportedly sold and shipped to a feed lot in the State of Illinois. It is uncontradicted that the defendant, shortly after the theft, was in possession of all of the stolen cattle and that he sold them. The evidence for the prosecution also established that a black truck with a white tail gate was observed at the scene of the crime close to the time of the theft of the cattle. When defendant was first contacted by Harvey, the owner of the stolen cattle, and Lloyd, a state police detective, the defendant was in a black truck with a white tail gate.

The defendant explained his possession of the stolen cattle: He said that he purchased them at a roadside park from a man whose name he thought was Loy. According to defendant, he made subsequent investigation and discovered that the man who sold him the cattle was Hildreth Young. The defendant initiated criminal prosecution of Young in Wayne County, Kentucky. The present record does not show the disposition made in those proceedings except that Young was indicted.

Defendant also explained that the truck which he drove was red in color and did not have a white tail gate. The black truck in which he was observed by Harvey and Lloyd belonged to his neighbor. Defendant stated that the man who sold him the stolen cattle at the roadside park required payment in cash. The defendant testified the cattle were brought to his farm by the man whom he later learned was Young. Defendant paid in cash that he happened to have available at his home. The purchase price was $1,200.

In rebuttal, the prosecution introduced Hildreth Young whom defendant accused of selling him the cattle. Young denied any connection with the transaction; he stated that he owned a new red truck; that he had never seen the defendant before; that at the time of the theft of Harvey's cattle he was working in Louisville driving a tractor-trailer truck and staying in the place of his employment at night. Young was corroborated by his foreman concerning his employment and working hours. Young admitted that he had been convicted of cattle rustling five years earlier. The jury chose to disbelieve defendant's explanation of his possession and sale of the stolen cattle.

■ Although the briefs discuss a purported issue concerning proper venue of the proceedings, we find no problem of venue in this case. KRS 452.580 fixes venue in the instance where larceny is committed in one county and the stolen property is brought into or through any other county in either the county in which the property is obtained or in any county into or through which it is brought. The evidence is uncontradicted that grand larceny was committed in Adair County. Thus, under the recent holdings in Chancellor v. Commonwealth, Ky., 438 S.W.2d 783 (1969) and Gregory v. Commonwealth, Ky., 444 S.W.2d 265 (1969), a proper venue for this prosecution was clearly established to rest in Adair County.

■ The only complaint defendant directs at the instructions was the recitation that the jury must believe that the defendant had committed the offense in Adair County, Kentucky. Adair County, Kentucky, was a proper venue for the prosecution. Therefore, if the prosecution made a submissible case concerning defendant's guilt, the instructions could not be characterized as defective in this aspect.

■ The real issue is whether the circumstantial evidence relied on by the Commonwealth was sufficient to make a submissible case. "It is, and has always been the rule that the possession of stolen property raises a presumption that the possessor was guilty of having stolen it, but which

may be rebutted by a *satisfactory* explanation of how he obtained the possession." Wheeler v. Commonwealth, 295 Ky. 28, 173 S.W.2d 817, 818 (1943).

In Rogers v. Commonwealth, Ky., 444 S.W.2d 548 (1969) a conviction of the offense of cattle stealing (KRS 433.250) was affirmed. The evidentiary showing by the Commonwealth here is at least as strong if not stronger than was true in the Rogers case. In Rogers we pointed out that where evidence is conflicting, or different inferences may be drawn from it, the question of its weight and probative effect is one that is within the province of the jury.

In McQueen v. Commonwealth, Ky., 445 S.W.2d 143 (1969), a conviction for storehouse breaking was affirmed even though the defendant in that case argued that there was no evidence placing him at or near the storeroom burglarized; that no merchandise taken was found in his possession at the time of arrest; and that no incriminating statement was ever attributed to him. We pointed out that the possession and sale of stolen property by the accused were sufficient to warrant the submission of the case to the jury; the evidence of possession by the accused was not to be limited to what was found in his possession at the time of arrest but could be established by proper evidence that he was in possession of the stolen property after the commission of the crime.

In this case, the accused undertook to make an explanation of his possession and sale of the stolen property but the sufficiency of that explanation was for the jury to determine. It was simply a matter of weighing the credibility and probative value of evidence. When the equivocal circumstances surrounding the defendant's explanation are considered, we cannot say that the credibility and probative weight of the explanation were so conclusively established that reasonable men could not disbelieve it. Whether the defendant stole the cattle from Harvey's farm in Adair County was a matter for the jury to determine.

We are not authorized to substitute our determination for that made by the jury.

The argument that the punishment by the jury is excessive is clearly without merit. The penalty fixed was specifically authorized by statute. We feel neither authorized nor inclined to interfere with the judgment of the jury on the extent of punishment to be inflicted by imprisonment within the permissible limits of the applicable statute so long as the present system of determination of both guilt and punishment by the jury prevails.

The judgment is affirmed.

HILL, C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.