Earl Ray KNUCKLES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1970.

Sampson B. Knuckles, Barbourville, for appellant.

Carlos B. Pope, Commonwealth Atty., Barbourville, John Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Earl Ray Knuckles appeals from a judgment which sentenced him to a term of two years' imprisonment upon a verdict finding him guilty of grand larceny, KRS 433.220, in stealing a 1959 Chevrolet automobile from one Gorman Reeves. Knuckles argues that (1) the evidence was insufficient to sustain his conviction and (2) he was entitled to an instruction on petit larceny.

The evidence was that Reeves' car was stolen from in front of his residence; some 30 days later it was found, burned and lying on its side, with the motor and transmission missing, some 30 yards off a county road about four miles from Knuckles' home; the motor was found in Knuckles' possession and the transmission at his nephew's house; Knuckles maintained that he had purchased the car, after it had burned, from a man named Smith, who told him that the car belonged to him (Smith), had been stolen and burned, and that he would sell it for salvage; however, the evidence for the Commonwealth was that the motor showed no signs of having been in a fire. Reeves testified that the car was worth $400 when stolen; Knuckles testified that he paid $40 for the car.

In the light of the inference of guilt of larceny that arises from possession of stolen property, we think the evidence was ample to sustain the conviction. Knuckles' explanation of his possession was not of such satisfactory character as to overcome the inference. See Jones v. Commonwealth, Ky., 453 S.W.2d 564.

Under the evidence, there was a choice of only two reasonable conclusions to be drawn. One was that Knuckles stole the car when it was in an undamaged condition, which would make him guilty of grand larceny. The other was that he *bought* the car (whether damaged or undamaged), in which case he was not guilty of any degree of larceny. Therefore there was no basis for an instruction on petit larceny.

The judgment is affirmed.

All concur.