Jackie HOWE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1971.

W. David Denton, David R. Reed, Jr., Reed, Scent & Walton, Paducah, for appellant.

Albert Jones, Paducah, John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Jackie Howe, was convicted of the offense of storehouse breaking and of being an habitual criminal. KRS 433.-190 and KRS 431.190. Having been sentenced to penitentiary confinement for life, he appeals. We affirm.

At the time of the trial Howe was 24 years of age. In 1963 he pleaded guilty of receiving stolen property and was sentenced to serve one year in the penitentiary. Five years later he admitted his guilt of storehouse breaking, whereupon he again was sentenced to confinement for one year.

On the night of February 22, 1969, a business establishment in Paducah was broken into and five television sets and one portable stereo-radio combination were stolen. A week later the police recovered three of those televisions and the portable stereo-radio. One of the televisions was in Howe's possession.

Howe's evidence revealed that the day after the robbery Howe asked Billy Ridley to drive him across town to the apartment of his friend, Sue Triplett. Instead of following the direct route they went through the north side of Paducah where they met Jack Tackett. At Tackett's request they went to Tackett's home where they loaded three television sets into the automobile, then they proceeded to Sue's residence located on property owned by Wilbur Wright[1] adjacent to Wright's grocery and pawnshop. Howe went into Sue's apartment, the other two entered Wright's place of business and offered two televisions to him for $75.00. Later in the week Wright bought them from Ridley.

Sue testified that she purchased a television from Tackett for $20.00, that her estranged husband had taken her property

---

1. Wright was convicted of knowingly receiving the stolen televisions.

from time to time, and that she was afraid he would take the television, therefore, she gave it to Howe for safekeeping. Her son told about a man, not Howe, trying to sell the television to his mother. Howe stated that he was in Illinois during several hours of the night when the burglary occurred and he denied having any part in it.

Possession of stolen property will raise a presumption that the possessor is guilty of the theft, which presumption " * * * may be rebutted by a satisfactory explanation * * *". Jones v. Com., Ky., 453 S.W.2d 564 (1970). He insists that his explanation was so convincing and satisfactory that the trial court erred in not sustaining his motion for a directed verdict at the close of all of the evidence. He cites Rogers v. Com., 289 Ky. 83, 158 S.W.2d 144 (1942), and contends that his explanation "is at least as strong or stronger than Rogers." There we reversed the conviction because " * * * the evidence of appellant and the witnesses who fully corroborated him in all details and facts establishes beyond peradventure of doubt that appellant purchased the hogs in question of the unknown man referred to by the witnesses." Howe also refers us to a number of other cases which we have examined. The facts in each of them are different and it would serve no useful purpose and would unduly lengthen this opinion for us to discuss them.

■ The presumption of guilt which arises from possession of stolen property may be rebutted by a satisfactory explanation. Sparks v. Com., Ky., 256 S.W.2d 382 (1953); Wheeler v. Com., 295 Ky. 28, 173 S.W.2d 817 (1943). However, it is our opinion that the presumption of guilt created by Howe's possession was not fully overcome by the weak explanation and that a jury issue was presented. Cline v. Com., 312 Ky. 645, 229 S.W.2d 435 (1950); Jones v. Com., Ky., 453 S.W.2d 564 (1970); 12 C.J.S. Burglary § 65, pp. 743, 746; 30 Am.Jur.2d, Evidence, Section 1129, p. 301. He was not entitled to a directed verdict. Burke v. Com., Ky., 249 S.W.2d

764 (1952), Fleming v. Com., Ky., 419 S. W.2d 754 (1967), McQueen v. Com., Ky., 445 S.W.2d 143 (1969), and Jones v. Com., Ky., 453 S.W.2d 564 (1970).

■ Howe charges that a prejudicial error was made in instructing the jury. The indictment charged that the crime occurred on February 22, 1969, but the instruction inadvertently used the date January 22, 1969. Appellant refers us to Broughton v. Com., 303 Ky. 18, 196 S.W.2d 890 (1946), in which the instruction used November 13 instead of November 12. While we reversed for another error in the instructions we said:

"Also, in the above instruction, the Court did not follow the evidence in respect to the date upon which the crime occurred. This error likewise should be corrected on the next trial."

In Woods v. State, Tex., 139 Tex.Cr.R. 631, 141 S.W.2d 318 (1940), the date of the crime was erroneously typed 1909 instead of 1939. The court said:

"This mistaken date is so palpably a typographical error we feel sure it could have had no influence upon this jury, who certainly knew from the evidence that this man was being tried for an offense said to have been committed on June 5, 1939. The complaint and information both set forth the date of this alleged offense as June 5, 1909 * * *".

Inadvertently the trial court used the word defendant in place of the word witness in Turner v. Com., 185 Ky. 382, 215 S.W. 76 (1919), and we held that the jury could not have been misled. An erroneous use of names occurred in Commonwealth v. Corbin, 426 Pa. 24, 231 A.2d 138 (1967), and the court held that the jury was not confused. England v. State, Ind., 233 N.E. 2d 168 (1968), said that " * * * in construing the correctness of instructions it has been the practice of this court to disregard clerical mistakes or verbal inaccuracies which do not confuse the jury * * *". 23A C.J.S. Criminal Law § 1320, p. 786 announces that "Where an

instruction states the law with substantial accuracy, and otherwise is unobjectionable it will not be regarded as prejudicially erroneous merely because of * * * clerical inaccuracies which do not prejudice the accused * * *". Our rule was stated in Abernathy v. Com., Ky., 439 S.W.2d 949 (1969), that "What it really boils down to is that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held nonprejudicial."

RCr 9.24 provides that "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." RCr 9.26 says that "A conviction shall be set aside on motion in the trial court, or the judgment reversed on appeal, for any error or defect when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced."

Dates were not in issue and the testimony referred to the correct date of the crime. We are of the opinion that the error in the date did not affect the substantial rights of the accused and that he was not prejudiced by this inadvertent mistake.

The judgment is affirmed.

All concur.